UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES ex rel. SHERRI MCDERMOTT,** | |
| Plaintiff, | Civil Action No. 19-15360 (ES) (MAH) |
| v. | |
| **LIFE SOURCE SERVICES, LLC, et al.,** | OPINION |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court by way of Relator Sherri McDermott's ("Relator") second motion for leave to amend the Complaint. Second Mot. to Amend, Dec. 16, 2022, D.E. 177. Defendants Haworth Apothecary ("Haworth"), Life Sources Services, LLC, Solomon Health Care, LLC, Hersch Krausz, Karen D'Imperio, and Val Chapman (the "LSS Defendants") (collectively, "Defendants"), oppose the motion. Haworth's Opp'n, D.E. 198; LSS Defendants' Opp'n, D.E. 199.

The Court has reviewed the parties' submissions in support of and in opposition to the instant motion, and has considered the motion without oral argument. Fed. R. Civ. P. 78, Local Civ. Rule 78.1. For the reasons set forth below, Relator's second motion to amend the complaint is **denied**.

## II. BACKGROUND

Relator initiated this *qui tam* action against Defendants by filing a Complaint under seal pursuant to the federal False Claims Act, 31 U.S.C. § 3729, and New Jersey False Claims Act,

N.J.S.A. 2A:32C-10.  *See* Compl., July 12, 2019, D.E. 1, ¶ 1.[1]  On September 15, 2020, the United States of America and State of New Jersey declined to intervene in this matter.  Notice of Declination, D.E. 4.  The Court therefore restored the Complaint and unsealed the matter to allow Relator to effect service.  Order Restoring Compl., Apr. 13, 2021, D.E. 5.

After Defendants filed their respective Answers, the Court held a scheduling conference pursuant to Federal Rule of Civil Procedure 16 on September 24, 2021.  At the conclusion of that conference, the Court issued a Pretrial Scheduling Order ("PTSO"), which set forth deadlines to complete discovery and engage in certain motion practice.  PTSO, D.E. 34.  Pertinent to this motion, the Pretrial Scheduling Order set a deadline of January 31, 2022 for any motion to amend the pleadings or add new parties.  *Id.* ¶ 12.  In fact, the Court granted Relator's motion to amend the complaint, over Defendant Haworth Apothecary's objection, on January 7, 2022.  Order Granting Mot. to Amend, Jan. 7, 2022, D.E. 86; First Am. Compl., Jan. 8, 2022, D.E. 87.

The First Amended Complaint ("FAC") alleges that beginning in or around March 2017, Defendants defrauded Medicare and Medicaid by obtaining reimbursement for hospice services and other items to which Defendants were not entitled.  FAC, D.E. 87, ¶¶ 2-5.  Relator asserts that as part of the scheme, Defendants Chapman and D'Imperio directed Relator to falsify hospice care records.  *Id.* ¶¶ 8, 10, 62-63.  Relator contends that after she objected to falsifying the records, Defendant Life Source Services wrongfully terminated her on or about June 28, 2017.  *Id.* ¶¶ 10, 99.  The FAC alleges four causes of action: Counts One and Two allege violations of the federal False Claims Act; Count Three alleges violations of the New Jersey

---

[1] The parties are well familiar with the facts and history of this action.  In addition, the Undersigned set forth a comprehensive factual background in this Court's Opinion on June 15, 2022, D.E. 128.  The Court incorporates that background by reference and supplements it only as necessary to address the Relator's current motion.

False Claims Act; and Count Four alleges retaliation in violation of the anti-retaliation provisions of multiple federal and state laws, including CEPA, based on the termination of Relator's employment. *Id.* ¶¶ 83-100.

Discovery has been proceeding for more than fifteen months, taking into account one brief stay from January 3, 2022 to March 1, 2022 to allow the parties to engage in mediation. Order Staying Discovery, D.E. 78. Throughout the course of this litigation, the parties have requested that the Court extend various deadlines in the PTSO, which the Undersigned has granted to help facilitate discovery. *See, e.g.,* Am. Sched. Order, Apr. 11, 2022, D.E. 114 (amending PTSO after having reviewed the parties' joint request, D.E. 112); Nov. 2, 2022, D.E. 156 (amending scheduling order after resolving the parties' discovery disputes). Yet, the record reflects that the parties never sought to extend the January 31, 2022 deadline by which to amend the pleadings or add new parties.

In a letter dated November 16, 2022, Relator requested permission to file a motion to amend the complaint. Letter, D.E. 164. The Court granted that request to file the motion, but made clear that it "takes no position . . . as to the merits of any such motion and will make any ruling on the motion to amend the complaint when it is fully briefed." Order, Nov. 22, 2022, D.E. 168, ¶ 2. Relator filed the instant motion on December 16, 2022. Second Mot. to Amend, D.E. 177. She chiefly argues that the Court should grant leave to amend the FAC under Federal Rule of Civil Procedure 15 because Defendants cannot show any prejudice, undue delay, or bad faith, if the Court were to grant the motion. *Id.* at 9-12. In addition, Relator argues that there is good cause to amend, both under Rule 15 and Rule 16(b)(4), because she has exercised

reasonable diligence in seeking to amend and newly discovered information warrants amendment. *Id.* at 12-14; Relator's Supp. Br., D.E. 220.

Defendants oppose the motion. Defendant Haworth chiefly argues that the proposed amendment would be futile. Haworth's Opp'n, D.E. 198, at 9-17. Additionally, Haworth argues that any such amendment would result in undue prejudice and delay given that the litigation has been proceeding for "the past seventeen months." *Id.* at 18-20. The LSS Defendants similarly argue that any amendment would be futile, particularly because the proposed amended complaint would fail to state a claim upon which relief could be granted under the False Claims Act. LSS Defendants' Opp'n, D.E. 199, at 13-18. Lastly, all Defendants argue that there is no good cause to amend under Rule 16(b)(4) because Relator failed to request an extension of the deadline to amend under the scheduling order, and has had the information on which she now relies to amend for quite some time. *See* LSS Defendants' Supp. Br., D.E. 218; Haworth's Supp. Br., D.E. 219. Following supplemental briefing, which the Court requested,[2] the motion is fully briefed and ripe for the Court's review.

### III. DISCUSSION

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). On the other hand, Rule 16 of the Federal Rules of Civil Procedure, which controls the schedule of proceedings, was enacted to "require judicial control over a case and to schedule dates for

---

[2] Initially, no party addressed whether there is good cause to amend under Federal Rule of Civil Procedure 16(b)(4). The Undersigned thus ordered that the parties each submit, not later than February 22, 2023, supplemental memoranda addressing Rule 16. Order, Feb. 14, 2023, D.E. 212. The parties submitted their respective memoranda on February 22, 2023. *See* LSS Defendants' Supp. Br., D.E. 218; Haworth's Supp. Br., D.E. 219; Relator's Supp. Br., D.E. 220.

4

completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed. R. Civ. P. 16, Advisory Committee's Note on 1983 amendment) (internal quotation marks omitted). Most pertinent here, Rule 16 "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Requiring the court to include a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b), Advisory Committee's note on 1983 amendment; *see also Harrison Beverage Co.*, 133 F.R.D. at 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the "good cause" requirement of Rule 16(b)(4) to amend the Rule 16 Scheduling Order and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, Civ. No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); Fed. R. Civ. P. 16(b)(4). Only if the moving party has made the requisite showing of good cause under Rule 16 will the Court consider "whether the proposed amended pleading meets the [Rule] 15(a) standard." *Home Semiconductor Corp. v. Samsung Elecs. Co.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. May 16, 2019); accord *Korrow*, 300 F.R.D. at 220; *Nasa Mach. Tools Inc. v. FAMA Tech. Inc.*, Civ. No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019).

"A determination of 'good cause' under Rule 16 depends on the diligence of the moving party." *Korrow*, 300 F.R.D. at 220 (citing *GlobespanVirata, Inc. v. Texas Instruments Inc.*, Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)). Good cause requires a showing that, despite the movant's attentiveness, "the deadlines set forth in the scheduling order could not reasonably be met." *Id.*; *see also Harrison Beverage Co.*, 133 F.R.D. at 469. "[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (alteration in original) (quoting *Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)). "[C]ourts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Id.*

In accordance with the PTSO, any motion to amend the pleadings was due by January 31, 2022. PTSO, D.E. 34, ¶ 12. Consequently, the preliminary question before the Court is whether good cause exists under Rule 16 to now allow Relator to again amend the complaint. Relator contends that good cause exists because she did not "discover relevant information – and thus has not been able to seek leave to file her SAC – until after the relevant filing deadline." Relator's Supp. Br., D.E. 220, at 7 (arguing that Defendants' efforts to stymie discovery have caused the delay in the filing of the instant motion). Defendants argue that Relator cannot show good cause under Rule 16 because she has not shown due diligence in filing the motion out of time. LSS Defendants' Supp. Br., D.E. 218, at 7-9; Haworth's Supp. Br., D.E. 219, at 3-4.

6

The Court finds that under Rule 16, good cause does not exist to extend the deadlines set forth in the PTSO and any subsequent amendments thereto.  The FAC was filed on January 8, 2022.  FAC, D.E. 80.  Rule 16 allows that "information obtained after a deadline to amend can constitute good cause," but "that good cause does not extend indefinitely."  *Fermin*, 2012 WL 1393074, at *6.  The parties were aware of the deadline to amend the pleadings.  In fact, Relator filed a motion to amend on November 14, 2021, well within the timeframe set forth by the PTSO.  First Mot. to Amend, D.E. 40.  That motion was granted on January 7, 2022, and Relator filed the FAC on January 8, 2022.  Order Granting Mot. to Amend, Jan. 7, 2022, D.E. 86; First Am. Compl., Jan. 8, 2022, D.E. 87.  Additionally, the parties are well familiar with this Court's procedures, having previously requested various extensions and to amend the PTSO.  *See, e.g.,* Proposed Order Am. Discovery Sched., Apr. 7, 2022, D.E. 112; Proposed Order Extending Discovery, June 26, 2022, D.E. 130.

Relator seeks to add three new parties: Premier Advisors, LLC; Solomon Melamed; and Universal General Trust.  *See* Proposed Second Am. Compl., D.E. 177-1, at 1.  Relator asserts that through discovery, she has learned that these parties purportedly own LSS.  Joint Discovery Dispute Letter, D.E. 208, at 1.  However, the record suggests that Relator possessed knowledge of these parties as early as June 3, 2022, if not earlier.  In a discovery-dispute letter to the Court, Relator asserted that she had learned that Premier Advisors, Melamed, and Universal General Trust owned LSS on that date.  *Id.*  That is more than five months before Relator even raised the prospect of seeking to amend with the Court.  *See* Letter from Relator's Counsel, Nov. 16, 2022, D.E. 164 (seeking leave to file a motion to amend the complaint).

Relator also asserts that she has exercised diligence under Rule 16, but that LSS's delay in producing discovery responses thwarted her efforts to learn the relevant information and seek

7

to amend earlier. The PTSO set an October 30, 2021 deadline for parties to serve interrogatories, requests for production of documents, and requests to admit. PTSO, D.E. 34, ¶ 3. Any such written discovery was to be responded to within thirty days of receipt. *Id.* Relator posits that she made timely service of her discovery demands, but that the LSS Defendants failed to respond until April 29, 2022. Relator's Supp. Br., D.E. 220, at 4. Specifically, Relator states that: (1) she did not receive billing records which informed her purported knowledge of the depth of the scheme until April 2022; and (2) the additional facts of "Haworth's involvement in Defendants' fraudulent upcoding" were discovered in June 2022. *Id.* at 7. Assuming that is true, it still does not explain Relator's failure to request to amend for several months thereafter. Further, Relator had every opportunity to raise any delay in Defendants' production of discovery with the Court and to seek relief, either in the form of more timely responses to her discovery demands, or an extension of the deadline to amend. But the record reflects that she did not raise the delay and/or deficiency of the LSS Defendants' responses until April 1, 2022, even as the parties have raised, and this Court has resolved, myriad other discovery disputes. And at no point did Relator request an extension of the deadline to amend. Therefore, the Court cannot conclude that Relator exercised due diligence in seeking to amend well after the deadline had expired.

      Moreover, Relator seeks to amend the complaint to add specific allegations as to some of the patient files that were deleted and/or altered. *See* Proposed Second Am. Compl., D.E. 177-1, at 8-10. But those proposed amendments concern the same scheme that Relator has already plead in the FAC. Neither Rule 15 nor Rule 16 stands for the proposition that a party can amend the complaint each and every time she becomes aware of new factual allegations that already support the allegations as set forth in the complaint. *See Strategic Prods. And Servs., LLC v. Integrated Media Techs., Inc.*, Civ. No. 18-694, 2020 WL 5810561, at * 3 (D.N.J. Sept. 30,

8

2020) (affirming Magistrate Judge Waldor's order denying the plaintiff's motion to file a third amended complaint, in part, because the plaintiff "has all along alleged [the] scheme" for which plaintiff attempted to amend the complaint).

Based on the foregoing, the Court finds that Relator has not shown good cause to amend the scheduling order in this matter so as to permit her to file an amended complaint out of time. Relator has, in the Court's view, demonstrated "only a delayed analysis, not diligence." *Fermin*, 2012 WL 1393074, at *6; *see, e.g., Alfone v. Town of Boonton*, Civ. No. 15-6656, 2017 WL 4366981, at *4 (D.N.J. Sept. 29, 2017) (holding movant did not show due diligence where "a simple review" would have revealed information necessary to file motion to amend before deadline's expiration). The Court therefore holds Relator has not established good cause under Rule 16 to modify the Pretrial Scheduling Order.

Because the Court has determined that Relator has not satisfied the good cause standard under Rule 16, it need not reach Rule 15. *See E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Watson v. Sunrise Senior Living Servs., Inc.*, Civ. No. 10-230, 2015 WL 1268190, at *10 (D.N.J. Mar. 18, 2015). In the interest of completeness, however, the Court also considers the motion under Rule 15. Federal Rule of Civil Procedure 15(a)(2) provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court has the discretion, however, to deny a motion to amend upon a showing of, among other things, undue delay, dilatory motive on the part of the movant, futility of the amendment, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). If the factors under Rule 15(a)(2) suggest that permitting amendment would be "'unjust[,]'" the Court

9

should deny leave. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citing *Foman*, 371 U.S. at 182).

Defendants argue that the Court should deny Relator's application under Rule 15 because any amendment would be futile, and because such amendment would subject them to undue delay and prejudice. "[T]he question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "Moreover, substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Id.* "[P]rejudice to the non-moving party is the touchstone for the denial of [an] amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citation omitted). In assessing prejudice, courts consider whether allowing the assertion of a new claim "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.

The record in this case compels the conclusion that denial of the motion is appropriate based on undue delay. Relator seeks to add new parties in a matter that has been mired in discovery for more than fifteen months, even as she has known about them since approximately June 2022. *See* Proposed Second Am. Compl., D.E. 177-1, at 1. Invariably, the proposed amendments would further prolong discovery, as those parties likely would separately seek to discover Relator's theories against them and proof of their individual liability. That process would elongate the completion of all discovery, and delay adjudication of this matter on the merits to a considerable degree.

Moreover, the proposed pleading is devoid of any allegations against these proposed defendants. Indeed, neither Premier Advisors, LLC nor Universal General Trust appears in the

10

proposed amended complaint, save for the caption. *See id.* The third proposed defendant, Solomon Melamed, is only vaguely referenced in the "Parties and Entities" section. *Id.* ¶ 18. Those vague references fall well short of "showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and cannot serve as a basis for allowing Relator to amend the complaint.

      Additionally, Relator attempts to amend the FAC at this stage to increase the timeframe by which to attempt to gather discovery for a period extending beyond Relator's employment (both pre-and post-employment). Relator alleges that she has direct and independent knowledge of the alleged fraudulent scheme, which may have predated and extended beyond her employment with Defendant LSS. Relator's Br. in Supp., D.E. 177, at 12-14. Relator avers that the duration of the purported fraudulent scheme will ultimately go to damages, but not lability. *Id.* at 12-13. Thus, she reasons that amending the FAC is necessary to increase the duration of the alleged fraudulent scheme. *Id.* But amending the complaint simply to expand the scope of discovery, where the proposed pleading does not articulate the basis for relief against the proposed defendant, is fundamentally an inappropriate use of Rule 15. Moreover, this Court has twice denied the discovery request after hearing extensive argument from the parties. Order on Discovery Disputes, Nov. 2, 2022, D.E. 156, ¶ 4 (limiting discovery to the 28 patient files pertinent to the time period during which Relator was employed); Order Denying Motion for Reconsideration, Nov. 22, 2022, D.E. 168. Relator cannot use Rule 15 to circumvent the Court's rulings on the scope of discovery.

      The Court concludes that allowing Relator to amend the complaint at this late stage would severely set this litigation back and cause substantial prejudice to Defendants. This matter has been proceeding with discovery for more than fifteen months and is not complete. It has also been the subject of numerous discovery disputes, requiring in-court meet and confers and rulings

by this Court. In addition, Defendants' respective motions to dismiss have been administratively terminated pending the resolution of this instant motion. To allow amendment and the addition of new parties at this juncture would multiply the proceedings, protract discovery, and unduly cause Defendants to incur considerable additional costs. Relator has not shown good cause to do so, and has not satisfied either Rule 16 or Rule 15.

## IV. CONCLUSION

For the foregoing reasons, Relator's motion to amend the complaint, D.E. 177, is **denied.** The Court shall issue an accompanying Order.

*s/ Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

**Dated**: February 27, 2023

12