Not for Publication

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES *ex rel.* SHERRI MCDERMOTT  **Plaintiff,**  v.  LIFE SOURCE SERVICES, LLC, *et al.*,  **Defendants.** | Civil Action No.: 19-5360 (ES) (MAH)  OPINION |

**SALAS, DISTRICT JUDGE**

Relator Sherri McDermott ("Relator") initiated this *qui tam* action against Defendants Life Source Services, LLC; Solomon Health Care, LLC; Hersch Krausz; Karen D'Imperio; Val Chapman; and Haworth Apothecary, Inc. pursuant to the federal False Claims Act, 31 U.S.C. § 3729, and the New Jersey False Claims Act, N.J.S.A. § 2A:32C-10. (*See* D.E. No. 87 ("First Amended Complaint" or "FAC")). Before the Court is Relator's appeal (D.E. No. 229) of the decision of the Honorable Michael A. Hammer, U.S.M.J, denying Relator's motion to amend her First Amended Complaint (D.E. No. 223). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Relator's appeal is **DENIED** and Judge Hammer's Decision is **AFFIRMED**.

**I.   BACKGROUND**

    **A.   Factual Background**

Defendant Life Source Services ("LSS") is an entity that provides hospice services in patients' homes and long-term care facilities. (FAC ¶¶ 12–14). Defendant Hersch Krausz is LSS's

1

founding member. (*Id.* ¶ 15). Defendants Karen D'Imperio and Val Chapman are members of LSS's management. (*Id.* ¶¶ 10 & 56). In 2017, D'Imperio was LSS's executive director and Chapman was its clinical coordinator. (*Id.*). Relator, a New Jersey resident and registered nurse, worked for LSS as a case manager beginning on or around March 10, 2017. (*Id.* ¶ 10). In that role, Relator was supervised by D'Imperio and Chapman. (*Id.* ¶¶ 8 & 56). Relator alleges that Defendants "falsely and fraudulently bill[ed] the Medicare and Medicaid government health care insurance programs for services and items provided or purportedly provided to hospice patients." (*Id.* ¶ 1). In this vein, Relator alleges that beginning in or around March 2017, Defendants defrauded Medicare and Medicaid by obtaining reimbursement for hospice services and other items to which they were not entitled. (*Id.* ¶¶ 2–5). Relator asserts that as part of this scheme, Defendants D'Imperio and Chapman directed Relator to falsify hospice care records. (*Id.* ¶¶ 8, 10 & 62–63). Relator contends that after she objected to this request, on or about June 28, 2017, Defendant LSS wrongfully terminated her. (*Id.* ¶¶ 10 & 99). Defendant Haworth Apothecary, Inc. ("Haworth") is a pharmacy that Relator accuses of conspiring with the other Defendants as part of this scheme to defraud, alleging that "LSS was steering patients to Haworth, and Haworth in turn provided things of value to LSS, such as wheelchairs and other medical equipment, which LSS could give away to promote referrals to it from the various nursing homes." (*Id.* at ¶ 5). The FAC alleges four causes of action: Counts One and Two allege violations of the federal False Claims Act, 31 U.S.C. § 3729; Count Three alleges violations of the New Jersey False Claims Act, N.J.S.A. § 2A:32C-10; and Count Four alleges retaliation in violation of the anti-retaliation provisions of multiple federal and state laws, including New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-3, based on the termination of Relator's employment. (*Id.* ¶¶ 83–100).

### B.      Procedural History

Relator initiated this *qui tam* action against Defendants by filing a Complaint under seal pursuant to the federal False Claims Act and the New Jersey False Claims Act. (D.E. No. 1 ¶ 1). On September 15, 2020, the United States of America and the State of New Jersey declined to intervene in this matter. (D.E. No. 4). The Court therefore restored the Complaint and unsealed the matter to allow Relator to effect service. (D.E. No. 5).

On September 24, 2021, Judge Hammer, the magistrate judge overseeing this matter, issued a Pretrial Scheduling Order ("PTSO"), which set forth deadlines to complete discovery and engage in certain motion practice. (D.E. No. 34). As relevant to this appeal, the PTSO set a deadline of January 31, 2022, for any motion to amend pleadings or add new parties (the "Amendment Deadline"). (*Id.* ¶ 12).

Discovery has been proceeding for more than two years, with a brief formal stay from January 3, 2022 to March 1, 2022[1] to allow the parties to participate in mediation, which was ultimately unsuccessful. (*See* D.E. No. 78). Throughout the course of this litigation, the parties have requested extension of various deadlines in the PTSO, which Judge Hammer granted to facilitate discovery. (*See, e.g.,* D.E. No. 114 (amending PTSO after having reviewed the parties' joint request); D.E. No. 156 (amending scheduling order after resolving the parties' discovery disputes)). Neither party ever sought to extend the Amendment Deadline. On January 7, 2022, Judge Hammer granted Relator's motion to amend the complaint, over Defendant Haworth's objection. (*See* D.E. No. 86; FAC). Relator filed the FAC on January 8, 2022. (FAC). In a letter

---

[1]  Relator alleges that "[p]rior to that stay being formally ordered, counsel for [Relator] and LSS had, in mid-December 2021, informally agreed on a stay in anticipation of mediation and a formal order. The mediation did not actually occur until March 11, 2022 and the stay was lifted a few days later. Dkt. No. 84. The net effect of this is that discovery was stayed for three full months, rather than two." (Mov. Br. at 2 (citing D.E. No. 223)). Regardless, however, discovery in this matter has been proceeding for over two years.

dated November 16, 2022, Relator requested permission to file a motion to amend the FAC. (D.E. No. 164). On November 22, 2022, Judge Hammer granted the request to file the motion. (D.E. No. 168 ¶ 2). Relator filed a motion to amend the FAC on December 16, 2022, arguing that "newly discovered facts" necessitated amendment. (D.E. No. 177 at 2). Relator alleged that this newly discovered information was discovered by her "through the deposition of Haworth's [representative] in June of 2022, as well as through Relator's more recent and ongoing review of Haworth's billing records and other discovery." (*Id.* at 5).

Relator sought to amend several aspects of the FAC. First, she sought to expand the time period of Defendants' purported illegal conduct, from what was originally March 10, 2017–June 28, 2017 to January 2016–December 31, 2021. (D.E. No. 229-1 at 2–3). Second, Relator sought to add further allegations that Defendants manipulated and/or falsified patient records as part of their fraudulent scheme and further allegations that Relator complained about the scheme and was subsequently terminated. (*Id.* at 4, 7, & 8–10). Third, Relator sought to add as additional Defendants Premier Advisors, LLC; Solomon Melamed; and Universal General Trust. (*Id.* at 1). Beyond adding their names to the caption, Relator does not explain in the proposed amendments who these parties are or how these parties tie into her claims. Finally, Relator appears to delete her claim under New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-3. (*Id.* at 19 & 38).

On February 27, 2023, Judge Hammer denied Relator's motion to amend the FAC in a written opinion. (D.E. No. 224 ("MJ Opinion")). First, Judge Hammer found that, under Federal Rule of Civil Procedure 16(b)(4), Relator had failed to demonstrate good cause to amend the FAC months after the Amendment Deadline had passed. (*Id.* at 7). This is because, Judge Hammer explained, (i) both parties were aware of the deadlines, and had even requested to move several of

them, without requesting to move the Amendment Deadline; (ii) the record indicated that Relator had known her purported sources of new information driving her proposed amendments by at least early June 2022, more than five months before she requested leave to move to amend the FAC; (iii) though Relator laid blame on Defendants for refusing to timely respond to her discovery demands, she did not bring this issue to the court or ask for an extended deadline because of said issues; and (iv) some of the additions Relator proposed to the FAC merely "concern[ed] the same scheme that Relator ha[d] already plead in the FAC." (*Id.* at 7–8). Though Judge Hammer found Relator's motion deficient under Rule 16(b)(4), Judge Hammer went on "in the interest of completeness" to analyze Relator's proposed amendments under Federal Rule of Civil Procedure 15. (*Id.* at 9). Judge Hammer found that Relator's motion did not survive under Rule 15 either, due to "undue delay." (*Id.* at 10). Judge Hammer noted that discovery had been ongoing for over fifteen months, and that "the proposed amendments would further prolong discovery." (*Id.*). Further, Judge Hammer asserted that "amending the complaint simply to expand the scope of discovery, where the proposed pleading does not articulate the basis for relief against the proposed defendant, is fundamentally an inappropriate use of Rule 15," and that "Relator cannot use Rule 15 to circumvent the Court's rulings on the scope of discovery." (*Id.* at 11). Judge Hammer concluded that "allowing Relator to amend the complaint at this late stage would severely set this litigation back and cause substantial prejudice to Defendants." (*Id.*). As such, Judge Hammer found that amendment of the FAC was unwarranted under both Federal Rules of Civil Procedure 16(b)(4) and 15.

On March 9, 2023, Relator appealed Judge Hammer's decision, arguing that Judge Hammer's denial of her motion to amend was in error. (D.E. No. 229 ("Mov. Br.")). Defendant Haworth opposed (D.E. No. 198 ("Haworth Opp.")), as did, collectively, Life Source Services,

Solomon Health Care, Krausz, D'Imperio, and Chapman (the "Life Source Defendants" or "LSS Defendants") (D.E. No. 199 ("LSS Opp.")). Relator filed two separate Reply briefs—one in response to Haworth (D.E. No. 250 ("Haworth Reply")), and one in response to the LSS Defendants (D.E. No. 249 ("LSS Reply")).

## II.   LEGAL STANDARD

"Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c)." *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-0571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013). The standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. *Id.* Motions to amend a complaint are generally non-dispositive. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998), *as amended* (Sept. 8, 1998); *31-01 Broadway Assocs., LLC v. Travelers Cas. & Sur. Co.*, No. 17-6292, 2019 WL 5061320, at *3 (D.N.J. Oct. 10, 2019).

On appeal of a non-dispositive order, a district court may modify or set aside a magistrate judge's order if it was clearly erroneous or contrary to law. *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A Magistrate Judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Kounelis v. Sherrer,* 529 F. Supp. 2d 503, 518 (D.N.J. 2008)); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "The party

filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)). "[W]here a magistrate judge is authorized to exercise [his] discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007).

Regarding motions to amend the complaint, Federal Rule of Civil Procedure 15(a)(2) states that, in cases such as this one, in which a party has already amended its pleading once, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). However, Federal Rule of Procedure 16(b)(4) dictates that "[a] schedule may be modified only for good cause and with the judge's consent." F.R.C.P. 16(b)(4). The Third Circuit has made clear that "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also DLJ Mortgage Capital, Inc. v. Sheridan*, 975 F.3d 358, 370 n.52 (3d Cir. 2020).

Good cause under Rule 16(b)(4) may be demonstrated if the "movant shows that the inability to comply with a scheduling order is due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558–59 (D.N.J. 2022) (internal quotation marks and citation omitted). "[G]ood cause under Rule 16(b)(4) hinges on [the] diligence of the movant[.]" *Young v. United States*, 311 F.R.D. 117, 119 n.2 (D.N.J. 2015)

(quoting *Ewing v. Cumberland Cty.*, No. 09-5432, 2014 WL 3974159, at *4 (D.N.J. July 16, 2014)) (internal quotation marks omitted); *see also Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 222 (3d Cir. 2014). Though the discovery of information after a deadline has passed can be considered good cause to amend, that good cause may be lost if the plaintiff delays further without reasonable justification—i.e., if the Plaintiff acts without due diligence. *See, e.g., Lasermaster International Inc. v. Netherlands Insurance Company*, No. 15-7614, 2021 WL 361619, at *4 (D.N.J. Aug. 13, 2021); *Strategic Prods. & Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-0694, 2020 U.S. Dist. LEXIS 180316, at *8 (D.N.J. Sept. 30, 2020).

### III.  DISCUSSION

Relator argues that Judge Hammer erroneously denied her motion to amend. (*See generally* Mov. Br.). She asserts that, contrary to Judge Hammer's finding, she had good cause under Rule 16(b)(4) for amending after the Amendment Deadline, and for the delay between when she learned the allegedly new information catalyzing her proposed amendments and when she requested leave to move to amend. (*Id.* at 7; LSS Reply at 6–9). Specifically, Relator argues that she acted with reasonable due diligence in the face of Defendants' "dilatory discovery tactics" (Mov. Br. at 7), by repeatedly seeking the Court's assistance with discovery issues, including Defendants' supposed delay in producing discovery (LSS Reply at 6). Relator further argues that all of the other deadlines in the initial Scheduling Order "had long since fallen by the wayside," due to delays in discovery—which she alleges is still incomplete—and that she had not even received any discovery by the Amendment Deadline. (*Id.* at 8–9).

Defendants oppose, arguing that Relator has not demonstrated good cause under Rule 16(b)(4). Specifically, Defendants point to the fact that (i) Relator has not provided any substantive reason for the more than five-month delay in requesting leave to move to amend after

she allegedly learned the new information driving her proposed amendments; (ii) though Relator contends that new information from the deposition of Haworth's representative led to her amendments, Relator "remains entirely vague about what testimony from Haworth led to the proposed amendments" and "does not cite to a single line of testimony, nor do her conclusory assertions make any sense"; (iii) "none of the discovery disputes related to the information and documentation Relator relies upon in her proposed Second Amended Complaint, and none of the discovery disputes resulted in the disclosure of additional documents or information that Relator relies on for her proposed Second Amended Complaint"; and (iv) "[t]he timing of Relator's motion is consistent not with the disclosure of the information and documentation she relies on in her proposed Second Amended Complaint, but with the Court's repeated denial of her efforts to expand discovery." (Haworth Opp. at 10; LSS Opp. at 11–13). For the following reasons, the Court agrees with Defendants and Judge Hammer that Relator has not shown good cause to amend under Rule 16(b)(4).

Because Relator requested leave to move to amend approximately ten months after the Amendment Deadline in the PTSO, Rule 16(b)(4) applies. As such, Relator must demonstrate good cause to amend the FAC. Putting aside the fact that Relator fails to provide any specific citations for her proposed amendments to either the Haworth deposition or paper discovery, and putting aside the gap between the Amendment Deadline and Relator's motion to amend—and any discovery issues that occurred in the interim—the issue most concerning to this Court is the gap between when Relator learned the supposedly new information that she alleges drives her proposed amendments and when she requested leave to move to amend. It is clear from the briefing that the parties disagree over when Relator learned the supposedly new information. (*Compare* LSS Opp. at 6 ("Relator had the documents that she uses as the primary basis for her amendment for nearly

9

one year before seeking leave to amend.") *with* LSS Reply at 7 & 8–9 (stating that "Defendant's assertion that Relator had all of the information and documents she relies on for her SAC 'for nearly one year before she moved to amend' is demonstrably false" and that "[a]t most, Relator delayed approximately five months after deposing [the Haworth representative] to seek the Court's permission to file her SAC, notwithstanding Relator's review of billing records that continued well after the June 2022 deposition"). However, even accepting Relator's arguments, it appears clear that there was at least a five-month gap between when Relator possessed the supposedly new information that she alleges drives her proposed amendments and when Relator requested leave to file her motion to amend.

In her motion to amend, Relator asserted that the newly discovered information was discovered by her "through the deposition of Haworth's [representative] in June of 2022, as well as through Relator's more recent and ongoing review of Haworth's billing records and other discovery." (D.E. No. 177 at 5). In her briefing to this Court, Relator never clearly states what pertinent new information she learned when, merely generally asserting that "[d]uring the sporadic but ongoing discovery, specifically through extensive document review and the deposition of Haworth's Person Most Qualified, Westley Waller, Relator discovered additional, relevant information necessitating amendment of her complaint." (Mov. Br. at 4). The referenced deposition occurred on June 1–2, 2022 (LSS Opp. at 6), more than five months before Relator requested leave to amend on November 16, 2022. Judge Hammer found that the allegedly new information relied upon by Relator in her motion to amend was in Relator's possession at least by early June 2022, (MJ Opinion at 7–8), with some of the information (in the form of billing records) admittedly coming into Relator's possession by April 2022 (*id.* at 8). Relator never explicitly challenges this finding beyond arguing that while she may have received the billing records from

10

which she supposedly learned new information in April of 2022, she conducted "review of these billing records[] continuing well after June 2022." (LSS Reply at 8). Thus, even though Relator contends that she continued to review billing records well after June 2022, it appears that the actual information upon which Relator allegedly seeks to amend was in her possession via paper discovery and/or deposition by early June 2022.

That being so, Relator does not convincingly explain how she acted with reasonable diligence in waiting from early June 2022 to November 16, 2022 (over five months) to request to move to amend, or even to request that the Amendment Deadline be extended. Accordingly, she has not met her burden to demonstrate good cause under Rule 16(b)(4), and the Court finds no clear error in Judge Hammer's ruling finding that Relator failed to demonstrate such good cause. *See Lasermaster*, 2021 WL 361619 at *4 (upholding magistrate judge's finding of no good cause where the plaintiff "had several months in which it could have raised concerns over the possibility of moving to amend but failed to do so. Instead, Plaintiff sat on this [new] information for months and did not promptly raise the issue with [the magistrate judge]"); *Strategic Prods. & Servs.*, 2020 U.S. Dist. LEXIS 180316 at *8 (upholding magistrate judge's finding of no good cause where the plaintiff "admittedly did not alert [the magistrate judge] until . . . a year after the deadline, that it intended to seek amendment, even though it had in its possession months earlier relevant information that would form the basis for at least certain claims and allegations"); *Fermin v. Toyota Material Handling*, U.S.A., Inc., No. 10-3755, 2012 WL 1393074, at *6 (D.N.J. Apr. 23, 2012) (finding no good cause where the plaintiff "waited approximately six more months" after receiving deposition testimony allegedly necessary for her proposed amendments "before first requesting leave to amend").

11

Relator's counterarguments are unavailing. While Relator points to dilatory discovery tactics by Defendants, Relator does not connect any of the alleged dilatory discovery tactics to the more than five-month gap between when she obtained the "new" information driving her proposed amendments and when she requested leave to move to amend. Relator does not explain what, if any, discovery Defendants belatedly produced that led to her proposed amendments or when that discovery was produced to her.

Further, while Relator alleges that her "meticulous review of . . . billing records," which she obtained in April 2022, "continu[ed] well after June 2022," (Mov. Br. at 7–8), she fails to explain why this review took six months, or why she did not, at the very least, request an extension of the Amendment Deadline while she completed her review. *Cf. Collegesource, Inc. v. Academyone, Inc.*, 597 F. App'x 116, 124–25 (3d Cir. 2015) (finding no good cause under Rule 16(b)(4) where the plaintiff had the relevant discovery materials in his possession "for months and in some cases, years, before the discovery deadline," and had the capability of discerning the relevant evidence from those materials); *Assadourian v. Harb*, No. 06-0896, 2008 U.S. Dist. LEXIS 66182, at *7–8 (D.N.J. Aug. 25, 2008) (finding no good cause under Rule 16(b)(4) where the plaintiff alleged that, while documents already in his possession supported his proposed amendment, he needed to depose a particular witness to flesh out the amendments, with the court noting that "he did not request an extension of time to submit an amended pleading").

Finally, while Relator appears to argue that she should not be held to the Amendment Deadline because the other deadlines in the PTSO "had long since fallen by the wayside," (LSS Reply at 8–9), Relator provides no support at all for this argument. And indeed, the fact that other deadlines had been moved at the parties' request only serves to emphasize further Relator's lack of due diligence in failing to request an extension of the Amendment Deadline.

Relator's arguments are simply insufficient to conclude that Judge Hammer's conclusion that Relator did not act with reasonable diligence, and thus did not have good cause to amend under Rule 16(b)(4), was clearly erroneous or contrary to law. *See Lasermaster*, 2021 WL 361619 at *4; *Strategic Prods. & Servs.*, 2020 U.S. Dist. LEXIS 180316 at *8. The Court thus **AFFIRMS** Judge Hammer's decision denying Relator's motion to amend under Rule 16(b)(4).[2]

### IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** Relator's appeal and **AFFIRMS** Judge Hammer's decision denying Relator's request to file a Second Amended Complaint. An appropriate Order accompanies this Opinion.

Dated: December 28, 2023                                                                   Esther Salas, U.S.D.J.

---

[2] Because the Court finds that Judge Hammer did not clearly err in his Rule 16(b)(4) analysis, the Court does not reach Judge Hammer's Rule 15(a) analysis or the parties' arguments regarding that analysis.