**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **UNITED STATES ex rel. SHERRI MCDERMOTT,** | **Civil Action No. 19-15360 (ES) (MAH)** |
| **Plaintiff,** | |
| v. | **OPINION** |
| **HAWORTH APOTHECARY,** | |
| **Defendant.** | |

## I.    INTRODUCTION

This matter comes before the Court by way of Relator Sherri McDermott's ("Relator") third motion for leave to amend the complaint.  Third Mot. to Amend, Dec. 08, 2025, D.E. 469.  Defendant[1] Haworth Apothecary ("Haworth" or "Defendant") opposes the motion.  Def.'s Opp'n, Jan. 12, 2026, D.E. 475.  The Court has reviewed the parties' submissions in support of and in opposition to the instant motion and has considered the motion without oral argument.  Fed. R. Civ. P. 78; Local Civ. R. 78.1.  For the reasons set forth below, Relator's third motion to amend the complaint is **DENIED**.

## II.    BACKGROUND

Relator initiated this *qui tam* action against Defendants by filing a Complaint under seal pursuant to the federal False Claims Act, 31 U.S.C. § 3729, and New Jersey False Claims Act,

---

[1]  Haworth is the only remaining Defendant.  *See* Order of Dismissal, May 29, 2025, D.E. 426 (dismissing with prejudice Soloman Health Care, LLC); Order of Dismissal, May 30, 2025, D.E. 429 (dismissing with prejudice and without costs Defendants Life Source Services, LLC, Val Chapman, Karen D'Imperio, and Hersh Krausz (the "LSS Defendants")).  This Court uses "Defendants" to refer to all Defendants, including those now dismissed.

N.J.S.A. 2A:32C-10.  *See* Compl., July 12, 2019, D.E. 1, ¶ 1.[2]  On September 15, 2020, the

United States of America and State of New Jersey declined to intervene in this matter.  Notice of

Declination, D.E. 4.  The Court therefore restored the Complaint and unsealed the matter to

allow Relator to effect service.  Order Restoring Compl., Apr. 13, 2021, D.E. 5.

After Defendants filed their respective Answers, the Court held a scheduling conference

pursuant to Federal Rule of Civil Procedure 16 on September 24, 2021.  At the conclusion of that

conference, the Court issued a Pretrial Scheduling Order ("PTSO"), which set forth deadlines to

complete discovery and engage in certain motion practice.  PTSO, D.E. 34.  Pertinent to this

motion, the PTSO set a deadline of January 31, 2022 for any motion to amend the pleadings or

add new parties.  *Id.* ¶ 12.  In fact, the Court granted Relator's motion to amend the complaint,

over Haworth's objection, on January 7, 2022.  Order Granting Mot. to Amend, Jan. 7, 2022,

D.E. 85; First Am. Compl., Jan. 8, 2022, D.E. 87.  The First Amended Complaint is the Relator's

operative pleading.

The First Amended Complaint ("FAC") alleges that beginning in or around March 2017,

Defendants defrauded Medicare and Medicaid by obtaining reimbursement for hospice services

and other items to which Defendants were not entitled.  FAC, D.E. 87 ¶¶ 2-5.  Relator asserts

that as part of the scheme, now-dismissed Defendants Chapman and D'Imperio, who were

employees of now-dismissed Defendant Life Source Services, directed Relator to falsify hospice

care records.  *Id.* ¶¶ 8, 10, 62-63.  Relator contends that after she objected to falsifying the

records, Life Source Services wrongfully terminated her on or about June 28, 2017.  *Id.* ¶¶ 10,

---

[2]  The parties are well familiar with the facts and history of this action.  In addition, the
Undersigned set forth a comprehensive factual background in this Court's Opinion on June 15,
2022, D.E. 128, as well as the February 27, 2023 Opinion denying Relator's second motion to
amend the complaint, D.E. 223.  The Court incorporates those backgrounds as reference and
supplements them only as necessary to address Relator's current motion.

99. The FAC alleges four causes of action: Counts One and Two allege violations of the federal False Claims Act; Count Three alleges violations of the New Jersey False Claims Act; and Count Four alleges retaliation in violation of the anti-retaliation provisions of multiple federal and state laws, including CEPA, based on the termination of Relator's employment. *Id.* ¶¶ 83-100.

**Second Motion to Amend**

Several months after the Court granted Relator's motion to file the FAC, she again sought to amend. Second Mot. to Amend, Dec. 16, 2022, D.E. 177. Relator wanted to add new parties to the complaint, contending that she first learned of them in June 2022. *Id.* at 7. Relator also sought to expand the timeframe of the alleged false claims significantly beyond her period of employment at Life Source Services. Relator primarily argued the Court should grant leave to amend under Federal Rule of Civil Procedure 15 because Defendants were unable to show prejudice, undue delay, or bad faith if the Court were to grant the motion. D.E. 177, at 9-12. Additionally, Relator argued she demonstrated good cause to amend the complaint under both Rules 15 and 16(b)(4), because she exercised reasonable diligence in seeking to amend and newly discovered information warranted amendment. *Id.* at 12-14; Relator's Supp. Br., D.E. 220.

Haworth opposed the motion. Haworth contended that the proposed amendment would be futile. Haworth's Opp'n, D.E. 198, at 9-17. Haworth also argued any such amendment would result in undue prejudice and delay given that the litigation had been proceeding for "the past seventeen months." *Id.* at 18-20. Finally, Haworth argued Relator lacked good cause to amend under Rule 16(b)(4) because she failed to request an extension of the deadline to amend under the operative scheduling order, even though Relator had the information on which she relied to amend for some time. Haworth's Supp. Br., D.E. 219.

The Court denied Relator's motion on February 27, 2023.  Op. & Order, D.Es. 223 & 224.  The Court found that Relator failed to show good cause under Rule 16.  Although she discovered the existence of additional parties in June 2022, Relator did not establish good cause for the several months she waited before moving to amend.  D.E. 223, at 8.  Additionally, Relator failed to satisfy Rule 15, particularly on the issue of whether granting Relator's motion would cause undue delay in advancing the litigation to adjudication on the merits.  *Id.* at 10.  Additionally, the Court noted that Relator's "attempt[] to amend the FAC at this stage to increase the timeframe by which to attempt to gather discovery for a period extending beyond the Relator's employment" would be inappropriate, because "Relator cannot use Rule 15 to circumvent the Court's rulings on the scope of discovery."  *Id.* at 11.

Notably, the Court did not permit Relator "to amend the complaint to add specific allegations" that "concerned the same scheme that Relator has already plead in the FAC."  *Id.* at 8.  The Court noted that "[n]either Rule 15 nor Rule 16 stands for the proposition that a party can amend the complaint each and every time she becomes aware of new factual allegations that already support the allegations as set forth in the complaint."  *Id.* at 8 (citing *Strategic Prods. & Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-694, 2020 WL 5810561, at *3 (D.N.J. Sept. 30, 2020)).  Relator appealed the Undersigned's decision.  Appeal of Magistrate Judge Decision, Mar. 9, 2023, D.E. 229.  The District Court affirmed the Undersigned on December 28, 2023.  Op. & Order, D.Es. 303 & 304.

Discovery has been proceeding for approximately forty months, taking into account brief stays from January 3, 2022 to March 1, 2022, February 13, 2024 to June 27, 2024, and January 30, 2025 to April 7, 2025 to allow the parties to engage in mediation, as well as the current stay of expert discovery in place since November 24, 2025, pending an appeal of this Court's ruling

4

concerning further expert discovery.  Order Staying Disc., D.E. 78; Order Staying Disc., D.E. 340; Order Appointing Mediator, D.E. 403; Order Granting Stay, Nov. 24, 2025, D.E. 467; Appeal of Magistrate Judge Decision, Nov. 24, 2025, D.E. 465.  Throughout the course of this litigation, the parties have requested that the Court extend various deadlines in the PTSO, which the Undersigned has granted to help facilitate discovery.  *See, e.g.*, Am. Scheduling Order, Apr. 11, 2022, D.E. 114 (amending PTSO after having reviewed the parties' joint request, D.E. 112); Am. Scheduling Order, Nov. 2, 2022, D.E. 156 (amending scheduling order after resolving the parties' discovery disputes); Am. Scheduling Order, Mar. 9, 2023, D.E. 228 (amending scheduling order at Relator's request, D.E. 227); Am. Scheduling Order, May 23, 2023, D.E. 252 (emphasizing that absent good cause, discovery deadlines would not be extended); Order, Nov. 10, 2025, D.E. 459 (extending expert discovery deadlines).  Yet, the record reflects that until Relator's November 18, 2025 letter that lead to the instant motion, D.E. 461, the parties never sought to extend the January 31, 2022 deadline by which to amend the pleadings or add new parties.

**Third Motion to Amend**

In that November 18, 2025, Relator requested that the Court enter a briefing schedule for a motion to modify the scheduling order so that Relator could file an amended complaint.  Letter, D.E. 461.  The Court interpreted the letter as a request for leave to amend the FAC, and set a briefing schedule.  Order, Nov. 19, 2025, D.E. 463.  Relator filed the instant motion on December 8, 2025.  Third Mot. to Amend, D.E. 469.

The instant motion to amend revolves around Haworth's responses to Relator's requests for production in October 2021.  *Id.* at 3.  Relator avers her Rule 34 requests for production included requests for prescription records.  *Id.*  In response, "on December 8, 2021, Haworth

agreed to produce all non-privileged documents in its possession related to prescriptions filed by Haworth for LSS patients." *Id.* Although Haworth produced responses, including "electronic prescription data reflecting the information on all written prescriptions[,]" D.E. 475, at 17, it apparently omitted the written prescriptions. Relator contends that she did not receive the written prescriptions until July 1, 2025, after the close of discovery, when Haworth finally produced them. *Id.* To remediate any prejudice to Relator due to Haworth's late production of the written prescriptions, the Court allowed her counsel to re-depose Wesley Waller, the pharmacist who filled the prescriptions, and Dr. Wein, the doctor who ordered them. *Id.* at 3-4. Relator asserts that during Waller's August 25, 2025 deposition, she learned, for the first time, that Waller wrote prescriptions for Dr. Wein—which was different from Waller's previous testimony. *Id.* at 4.

This new information apparently learned during the August 25, 2025 deposition is the catalyst of Relator's motion to amend. Relator asserts she moves to amend the complaint to (1) remove references to the now-dismissed LSS Defendants and any allegations not related to Haworth, and (2) add new allegations as to Haworth that could not have been discovered until October 2025. *Id.* at 1. However, Relator also appears to again expand the duration of the purported fraudulent scheme—although Relator does not state as much in her motion. *Compare* FAC ¶ 2 ("From at least as early as in or about March 10, 2017 until on or about June 28, 2017 . . . .") *with* Third[3] Proposed Am. Compl., D.E. 469-1 ¶ 2 ("From at least as early as in or about March 10, 2017 *up until the present . . . .*") (emphasis added).

---

[3] The parties disagree on how to label the instant proposed complaint. *Compare* Def.'s Opp'n, D.E. 475, at 5 (referring to the instant proposed complaint as the "Second Amended Complaint") *with* Reply, D.E. 478, at 4 n.1 (referring to the instant proposed complaint as the "Third Amended Complaint"). For purposes of clarity, and because this is the third time Relator seeks

Relator avers that the Court should grant leave to amend the FAC because she satisfies the good cause requirements under Rules 15 and 16. D.E. 469 at 8. Specifically, Relator relies on the relevant timeline, particularly the late production of the written prescriptions and later depositions of Waller and Wein, to assert that she has exercised reasonable diligence in seeking to amend based on the newly discovered information. *Id.* at 8-9. In particular, Relator asserts that had Haworth not "omitted crucial documents from production," there would be no reason to amend the complaint at this point, and urges the Court that Haworth's "conduct should not be rewarded." *Id.* at 7. Therefore, she contends, there is good cause to amend, both under Rule 15 and Rule 16(b)(4), because she has exercised reasonable diligence in seeking to amend and newly discovered information warrants amendment. *Id.* at 7-9. Relator also argues Haworth cannot show any prejudice, undue delay, or bad faith, if the Court were to grant her motion to amend the complaint. *Id.* at 8-9.

Haworth opposes the motion. Def.'s Opp'n, Jan. 12, 2026, D.E. 475. Like its previous opposition, Haworth chiefly argues that the proposed amendment would be futile. *Id.* at 10, 14. Additionally, Haworth argues that any such amendment would again result in undue prejudice and delay. *Id.* at 12. Haworth argues there is no good cause to amend under Rule 16(b)(4) because Relator failed to request an extension of the deadline to amend under the scheduling order. *Id.* at 7. Finally, Haworth argues that, because Relator's proposed amendments would be futile, the Court should address Haworth's previous motion to dismiss the FAC, D.E. 310.[4] *Id.* at 20.

---

to amend the complaint, the Undersigned refers to the document as the "Third Proposed Amended Complaint."

[4] The Court administratively terminated Haworth's most recent motion to dismiss on February 13, 2024, when the parties "expressed the intention to proceed to mediation." Order, D.E. 340.

Relator's reply brief largely reiterates the arguments summarized above.  *See generally* Reply, Jan. 20, 2026, D.E. 478.  Relator additionally argues against Haworth's futility argument. *Id.* at 10-16.

## III.    DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure."  *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). "Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'"  *Spartan Concrete Prods., LLC v. Argo USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)).  "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order."  *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). However, "[i]f there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Relator] to file [an] amending pleading as justice so requires."  *Nasa Mach. Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019).

### a.    Rule 16

Rule 16 of the Federal Rules of Civil Procedure, which controls the schedule of proceedings, was enacted to "require judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps."  *Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed. R. Civ. P. 16, Advisory Committee's Note on 1983 amendment) (internal quotation marks omitted).  Most pertinent here, Rule 16 "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  Requiring the court to include a deadline for amending

pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed."  Fed. R. Civ. P. 16(b), Advisory Committee's note on 1983 amendment; *see also Harrison Beverage Co.*, 133 F.R.D. at 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny.  *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014).  The movant must first satisfy the "good cause" requirement of Rule 16(b)(4) to amend the Rule 16 Scheduling Order and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); Fed. R. Civ. P. 16(b)(4).  Only if the moving party has made the requisite showing of good cause under Rule 16 will the Court consider "whether the proposed amended pleading meets the [Rule] 15(a) standard."  *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. 13-2033, 2019 WL 2135858, at *2 (D. Del. May 16, 2019); accord *Korrow*, 300 F.R.D. at 220; *Nasa Mach. Tools*, 2019 WL 7207503, at *2.

"A determination of 'good cause' under Rule 16 depends on the diligence of the moving party."  *Korrow*, 300 F.R.D. at 220 (citing *GlobespanVirata, Inc. v. Texas Instruments Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)).  Good cause requires a showing that, despite the movant's attentiveness, "the deadlines set forth in the scheduling order could not reasonably be met."  *Id.*; *see also Harrison Beverage Co.*, 133 F.R.D. at 469.  "[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect, or any other factor which might understandably account

9

for failure of counsel to undertake to comply with the Scheduling Order.'" *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No 10-3755, 2012 WL 1393074, at \*3 (D.N.J. Apr. 23, 2012) (alteration in original) (quoting *Phillips v. Greben*, No 04-5590, 2006 WL 3069475, at \*6 (D.N.J. Oct. 27, 2006)). "[C]ourts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Id.*

In accordance with the PTSO, any motion to amend the pleadings was due by January 31, 2022. PTSO, D.E. 34, ¶ 12. Consequently, the threshold question again before the Court is whether good cause exists under Rule 16 to now allow Relator to once again amend the complaint. Relator contends good causes exists because Haworth failed to turn over the prescription pads until July 2025, leading to new depositions that revealed new and previously unknown information. D.E. 469, at 2-3. Additionally, Relator argues that, upon learning this new information, she swiftly moved for the instant relief. *Id.* at 8-9. Haworth argues that Relator's motion lacks good cause because Relator "has not attempted to demonstrate that diligently pursued production of copies of original prescriptions, as opposed to electronic prescription data reflecting the information on all written prescriptions." D.E. 475, at 10. If Relator wanted the prescription pads before July 2025, Haworth argues, she should have asked for it—her failure to do so proves she did not "diligently pursue" the information. *Id.*

### a. Relator fails to demonstrate good cause under Rule 16 to add allegations based on newly discovered information.

Rule 16 allows that "information obtained after a deadline to amend can constitute good cause." *Fermin*, 2012 WL 1393074, at \*6. However, "that good cause does not extend indefinitely," *id.*, and the Court does not find good cause here. Relator wants to amend the complaint to add specific allegations regarding forged signatures. *See* Third Proposed Am.

10

Compl., D.E. 475-3.[5]   But these proposed amendments--beyond again seeking to expand the timeframe of the alleged scheme to defraud, which is addressed separately below--largely concern the same scheme that Relator has already alleged in the FAC.  The newly discovered information is that Waller allegedly wrote prescriptions on behalf of Dr. Wein, which essentially constitutes forging a physician's signature.  *See* D.E. 469, at 4 (discussing "Waller's role in actually writing the prescriptions").  But the FAC already contends that Defendants were "forging physicians' signatures" in an attempt to defraud Medicare and Medicaid.  FAC, D.E. 87 ¶¶ 85, 89, 94, 96.  As noted in the Court's previous Opinion, neither Rule 15 nor Rule 16 stands for the proposition that a party can amend the complaint each and every time she becomes aware of new factual allegations that already support the allegations as set forth in the complaint.  *See Strategic Prods. & Servs., LLC v. Integrated Media Techs, Inc.*, No. 18-694, 2020 WL 5810561, at *3 (D.N.J. Sept. 30, 2020) (affirming Magistrate Judge Waldor's order denying the plaintiff's motion to file a third amended complaint, in part, because the plaintiff "has all along alleged [the] scheme" for which the plaintiff attempted to amend the complaint).

Additionally, Relator has not established that she diligently sought the original prescriptions at issue here.  To be sure, Haworth should have produced the written prescriptions with its initial responses, and its justifications for failing to do so ring hollow.  After all,

---

[5]  Relator's Third Proposed Amended Complaint failed to comply with Local Civil Rule 15.1(a)(2), which requires "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underling materials to be added."  "Plaintiff's motion may be denied on this procedural defect [failure to comply with Local Civil rule 15.1(a)(2)] alone."  *Bonds v. N.J. Jud. Admin. of the Ct.*, No. 19-18983, 2024 WL 5220936 (D.N.J. Dec. 26, 2024).  Because Haworth kindly attached as an exhibit to its opposition a red-lined version of the proposed amended complaint comporting with Rule 15.1(a)(2), the Court will also deny on other grounds, and judicial economy interests, the Court will not deny Relator's motion solely for failure to comply with Local Civil Rule 15.1(a)(2).

Relator's requests for production sought "all prescription records for each Life Source patient to whom prescription medicines were provided which show the date medicines were provided, the medication, by whom it was prescribed, the amount charged and the amount actually reimbursed or received from the Government."  Third Mot. to Amend, Ex. C, D.E. 469-1, at 42 § III ¶ 2.  *Id.* That request would fairly encompass the written prescriptions themselves.  Further, after Haworth objected to this request on three separate grounds, it agreed to "produce non-privileged responsive documents to this Request, to the extent they exist, upon entry of a confidentiality order."  Haworth thereafter produced "electronic prescription data reflecting the information on all written prescriptions" in or around January 2022.  D.E. 428, at 2; D.E. 475, at 17.  However, Haworth did not produce the written prescriptions themselves until much later.

Although Haworth should have produced the written prescriptions with the electronic prescription data, it remains that Relator did not object to Haworth's failure to produce the written prescriptions with the electronic data.  That issue did not arise until 2025.  That is so even though Relator has alleged that Defendants forged physician signatures since the inception of this case.  Compl., July 12, 2019, D.E. 1 ¶¶ 85, 89, 94, 96.  In short, in 2022, Relator was in a position to understand the full scope of Haworth's production, including what it lacked, and timely seek relief from the Court.  She did not do so for years, even as she and the Defendants raised myriad other discovery issues with this Court.[6]  Accordingly, the Court finds Relator did not diligently pursue this discovery.

---

[6]  Many of these discovery disputes were improperly raised to the Court—the parties having failed to sufficiently meet and confer as required by the Federal and Local Civil Rules. *See, e.g.*, Order, Dec. 2, 2021, D.E. 52 ("the Court is far from convinced that the parties have adequately met and conferred on the designation disputes.  First, it appears that the parties continue to talk past each other in terms of the scope of the subpoena"); Order, Dec. 23, 2021, D.E. 75 ("It is readily apparent from the content and tone of the letters that counsel have fallen well short of their obligation under Fed. R. Civ. P. 37 and L. Civ. R. 37.1 to meet and confer in good faith, in

Finally, and as noted above, Relator has not established good cause to amend the FAC simply to add new factual allegations to a fraud scheme that the FAC already alleges. *See Strategic Prods*, 2020 WL 5810561, at *3. Accordingly, Relator fails to demonstrate good cause to amend at this late stage of this litigation.

**b. Relator also fails to demonstrate good cause under Rule 16 to remove references to previously dismissed Defendants.**

Relator also seeks to amend the FAC to remove references to the now-dismissed Defendants. But the record already establishes and makes clear that the LSS Defendants have not been parties to this case since May 2025. *See* Order of Dismissal, May 29, 2025, D.E. 426 (dismissing Solomon Health Care, LLC); Order of Dismissal, May 30, 2025, D.E. 429 (dismissing the LSS Defendants). Relator offers, and the Court finds, no caselaw supporting the proposition that cleaning up a complaint sufficiently demonstrates good cause to amend beyond the dates set forth in the operative scheduling order. That is particularly true where Relator knew

---

an effort to resolve or at least limit the disputes they seek to bring to the Court."); Order, Aug. 16, 2022, D.E. 136 ("It is apparent from the substance and tone of the letters that counsel have not adequately met and conferred in order to resolve the disputes embodied in the letter."); Order, Oct. 20, 2022, D.E. 150 ("The Court is not satisfied that the parties have fully met and conferred in an attempted to resolve or at least narrow down the disputes."); Order, Dec. 26, 2022, D.E. 187 ("It is apparent from the Court's review of these letters that the parties, once again, have not adequately met and conferred in an attempt to informally resolve the discovery issues between them."); Order, Jan. 12, 2024, D.E. 309 (stating "counsel shall conduct the meet-and-confer that plainly has not yet happened"); Order, Feb. 5, 2024, D.E. 325 ("It is plain from the letter that the parties have not adequately met and conferred pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37.1 to attempt to resolve or at least reduce the disputes."); Order, Oct. 8, 2024, D.E. 384 (stating "it is clear that the parties have much to meet-and-confer about"); Order, November 12, 2024, D.E. 393 (taking no action on parties' letters, D.Es. 390-92, because parties did not follow procedure established in the Court's November 8, 2024 Order, D.E. 389, which directed the parties to file a joint letter before an in-person meet and confer); Order, Aug. 14, 2025, D.E. 437 (directing parties to meet and confer to resolve a narrow scheduling issue); Order, Aug. 26, 2025, D.E. 442 ("The issues presented therein are just the most recent instance in a very long line of discovery disputes for which the parties provide scant indication that they have met and conferred in good faith under Rule 37.").

13

that these parties were dismissed for over six months and made no indication that she would move to amend for that reason until the instant motion was filed.

### b. Relator also fails to demonstrate good cause to amend under Rule 15.

Because the Court has determined that Relator has not satisfied the good cause standard under Rule 16, it need not reach Rule 15. *See E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Watson v. Sunrise Senior Living Servs., Inc.*, No. 10-230, 2015 WL 1268190, at *10 (D.N.J. Mar. 18, 2015). In the interest of completeness, however, the Court also considers the motion under Rule 15, which provides that, "a party may extend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has the discretion, however, to deny a motion to amend upon a showing of, among other things, undue delay, dilatory motive on the part of the movant, futility of the amendment, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). If the factors under Rule 15(a)(2) suggest that permitting amendment would be "unjust," the Court should deny leave. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citing *Foman*, 371 U.S. at 182).

Similar to the previous motion to amend, Haworth argues that the Court should deny Relator's application under Rule 15 because any amendment would be futile, and because such amendment would subject Haworth to undue delay and prejudice. "[T]he question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "Moreover, substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Id.* "[P]rejudice to the non-moving party is the touchstone for the denial of [an] amendment." *Bechtel v. Robinson*, 886 F.2d 644,

652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n*, 573 F.3d 820, 823 (3d Cir. 1978)).  In assessing prejudice, courts consider whether allowing the assertion of a new claim "would result in additional discovery, cost, and preparation to defend against new facts or new theories."  *Cureton*, 252 F.3d at 273.

The record in this case compels the conclusion that denial of the motion is appropriate based on undue delay.  Relator seeks to add new factual allegations to a matter that has been mired in discovery for over forty months—even though the operative complaint already alleges the fraud scheme at issue.  *See* FAC, D.E. 87 ¶¶ 85, 89, 94 (all stating that "Defendants . . . forged physicians' signatures").  Considering the protracted history of this case, the Court agrees with Haworth that the proposed amendments would invariably further prolong discovery and adjudication of Relator's claims on the merits.  *See* Order, Nov. 22, 2022, D.E. 171 (administratively terminating Haworth's motion to dismiss); Order, Mar. 16, 2023, D.E. 240 (same); Order, Feb. 13, 2025, D.E. 340 (same).

### 1.    Expansion of the Timeframe Alleged in the FAC

As noted above, the proposed amendments appear to again attempt expand the end date of the alleged scheme to defraud.  The FAC alleges a timeframe of "March 10, 2017 until on or about June 28, 2017[.]"  FAC ¶ 2.  However, the proposed amendments allege a timeframe of "March 10, 2017 up until the present."  Third Proposed Am. Compl., D.E. 475-3 ¶ 2.  Relator offers no explanation for this proposal, much less an argument for why there is good cause to allow it.  In fact, this Court has thrice denied Relator's attempts to expand the timeframe, both in the context of discovery disputes and in her motion to file a second amended complaint.  *See* Order on Disc. Disputes, Nov. 2, 2022, D.E. 156 ¶ 4 (limiting discovery to the 28 patient files pertinent to the time period during which Relator was employed); Order Denying Mot. for

15

Reconsideration, Nov. 22, 2022, D.E. 168; Op., Feb. 27, 2023, D.E. 223, at 11 (declining to expand scope of discovery).  As the Court noted in its denying Relator's motion to file a second amended complaint, a party may not use Rule 15 to circumvent the Court's rulings on the scope of discovery.  D.E. 223, at 11.

The Court again concludes that allowing Relator to amend the complaint now in order to expand the timeframe would severely delay this litigation and cause substantial prejudice to Haworth.  As noted above, this matter has been proceeding with discovery for over forty months, subject to numerous discovery disputes, requiring in-court meet and confers and discovery rulings by this Court and delaying adjudication of Haworth's dispositive motions.  To allow such an amendment at this juncture would multiply the proceedings, substantially protract discovery, and unduly cause Haworth to incur considerable additional costs.  Relator has not shown good cause to do so and has not satisfied either Rule 16 or Rule 15.

Having denied Relator's motion for lack of good cause under Rules 15 and 16, the Court need not deny the motion under Haworth's futility argument.  *See Assadourian v. Harb*, No. 06-086, 2008 WL 4056361, at *3 ("The futility of amendment, or the failure of the plaintiff to articulate a claim, *may also* serve as a basis for denying a motion to amend." (emphasis added)); *see also Smart Pharmacy, Inc. v. Medco Health Sols., Inc.*, No. 11-6485, 2014 WL 3735344, at *4 (D.N.J. July 28, 2014) (declining to address arguments regarding futility related to the plaintiff's motion for leave to amend because the court already denied the request based on Rule 16 and undue prejudice grounds).  Accordingly, the Court declines Haworth's invitation to address its motion to dismiss the FAC at this time.  D.E. 475, at 20.

16

IV.     **CONCLUSION**

For the reasons set forth above, Relator's motion to amend the complaint, D.E. 469, is

**DENIED**.  The Court shall issue an accompanying Order.


*s/ Michael A. Hammer*_____

**Hon. Michael A. Hammer,**
**United States Magistrate Judge**


**Dated**: March 26, 2026